

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSEPH PADGETT,

      Plaintiff-Appellant,

v.

BUSTAMANTE & GAGLIASSO, P.C.,

      Movant-Appellee,

A. CURTIS WRIGHT,

      Defendant-Appellee.

No. 19-17268

D.C. No. 5:04-cv-03946-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted September 23, 2021
Pasadena, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and DRAIN,[**] District
Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Gershwin A. Drain, United States District Judge for
the Eastern District of Michigan, sitting by designation.

Joseph Padgett appeals the district court's order following this panel's remand in *Padgett v. City of Monte Sereno*, 722 F. App'x 608 (9th Cir. 2018). Our mandate instructed the district court to determine whether contractual provisions or an attorney lien authorized the order awarding fees to the law firm, rather than to Padgett. *See id.* at 610. On remand, the district court concluded an enforceable attorney lien was in effect at the time of the original award of fees, and it awarded reasonable attorney fees to the firm in the amount of $471,056.64.

Padgett argues the fee agreement had no legal effect because he voided the agreement based on counsel's failure to comply with California Business and Professional Code § 6147(a). *See* Cal. Bus. & Prof. Code § 6147(b). Under California law, contingent fee contracts that fail to comply with California Business and Professions Code § 6147(a) are not void *ab initio*, but may be voided by the client. *See id.*; *O&C Creditors Group, LLC v. Stephens & Stephens XII, LLC*, 42 Cal. App. 5th 546, 575 (Cal. Ct. App. 2019). Padgett argues the district court erred by looking to whether the fee agreement was in effect when the fees were awarded rather than after he voided it years later.

Padgett relies on California law indicating a client may void an agreement after the attorney's work has been performed. *See Alderman v. Hamilton*, 205 Cal.

2

App. 3d 1033, 1038 (Cal. Ct. App. 1988). We are aware of no case, however, that permits the client to void the contract not merely years after full performance, but after fees have actually been awarded and the award defended by the attorneys on appeal in reliance on the agreement. The firm was properly awarded its reasonable attorney fees.

**AFFIRMED.**